## COWART v. HARROD & FLOURNOY.

1. A defendant who offers to file an insufficient answer, to purge a contempt, cannot claim as a matter of right to amend the answer. The motion should have been for leave to file a sufficient answer.
2. The objection that the publication by the master, did not sufficiently state the facts and objects of the bill, cannot be raised for the first time in this court.
3. A decree may be made against a resident defendant, who fails or refuses to answer, after service of process.
4. A decree against a non-resident, may be rendered, with a condition, that the complainant shall not enforce it, until he executes the refunding bond required by the statute.

Error to the Court of Chancery for Barbour County.

THE bill was filed by the defendants in error, judgment creditors of J. E. P. Cowart, to set aside a conveyance made by him of all his property, to William Cowart, alledged to

34

have been made in fraud of his creditors. J. E. P. Cowart being a non-resident, publication was made, and a decree *pro confesso* was taken against him. A decree *pro confesso* was also made against William Cowart, upon whom process was served. At the trial term, the chancellor set aside the decree against the latter, upon his filing a full and complete answer. An answer being filed, it was excepted to by the complainants, and referred to the master to report upon the exceptions, who reported the answer sufficient; but on appeal to the chancellor, the report of the master was reversed, and the answer rejected. And thereupon the chancellor proceeded to render his decree, granting the relief sought by the bill.

The decree was accompanied by an order, that it should be suspended as to the non-resident defendant, until the complainants executed the bond which the law required in cases of decrees against non-residents.

The assignments of error are—

1. In sustaining the exceptions to the master's report.

2. In not allowing a defendant to amend his answer.

3. In suppressing the answer altogether, and not allowing it to stand for the matter sufficiently answered.

4. In not requiring the complainants to give bond, before the decree was rendered.

5. Because the order of publication does not state the facts and objects of the bill.

6. In rendering a decree against a resident, without proof.

J. COCHRAN and P. T. SAYRE, for plaintiff in error, cited 1 Barbour's Ch. P. 134; 6 Ala. 299; and the 17th Rule C. Practice.

BUFORD, contra, referred to 7 Ala. 262; Clay's Dig. 351, § 37–39.

ORMOND, J.—In our opinion, the answer was wholly insufficient, and the chancellor correctly refused to permit it to be filed under the order, that the defendant might purge the contempt, by filing a full and complete answer.

.The defendant, under such circumstances, could not claim

as a matter of right to amend the answer. Indeed, the answer being rejected, there was nothing to amend, but the application should have been for leave to file an answer. So far as we can judge from the record, neither this, or a motion to amend, was made to the chancellor.

The objection, that the publication, made pursuant to the order of the chancellor, did not sufficiently state the facts and objects of the bill, cannot be raised for the first time in this court. The record states, that a copy of the order of publication, and a brief of the bill, was posted upon the court-house door, and published in a newspaper designated in the order, pursuant to the order, and if the abstract or brief of the bill, was not sufficient to apprize the non-resident of the contents of the bill, objection should have been made to it for insufficiency. We cannot assume that it was not sufficient, and it was not necessary that the chancellor should cause the evidence of the fact to be embodied in his decree, or spread upon the record.

The act of 1841 authorizes a decree to be made against a resident defendant, served with process, who fails or refuses to answer. [Clay's Dig. 354, § 58.]

There is no objection to the decree as rendered, requiring the complainants to execute a bond, and suspending the execution of the decree, until such bond is executed. The literal terms of the act, do, it is true, require the complainant to execute a bond, before he obtains the decree; but this cannot be literally construed, as the condition of the bond must recite the decree. It follows necessarily, that the meaning of the act, is, the complainant should give bond before he is allowed to have the benefit of the decree; and if he should attempt to enforce the decree, without executing the bond, on application to the chancellor it would be superceded.

We can perceive no error in the record. Decree affirmed.